Ilene Weaver, Guardian of Johnny Wayne Reece, Jr., Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Thomas R. Wilson,* for petitioner.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania.

*Marvin E. Miller,* Chairman, for respondent, Crime Victim's Compensation Board.

OPINION BY JUDGE ROGERS, June 10, 1985:

Ilene Weaver, the guardian of Johnny Wayne Reece, Jr. has appealed from an order of the Crime Victim's Compensation Board rejecting her ward's claim for compensation.

On July 19, 1980, at approximately 10:35 a.m., Johnny Wayne Reece, Sr., shot and killed his estranged wife, Anita Dixon Reece. Johnny Wayne Reece, Jr., the child of the homicide victim and her slayer, found his mother immediately after she had sustained multiple gunshot wounds. At the time of the homicide, the ward was five years old. The father pled guilty to first degree, premeditated murder and was sentenced to life imprisonment.

The guardian filed a claim for her ward for approximately $4,000 for reimbursement under Section 477 of the Administrative Code of 1929 (Code), Act of April 19, 1929, P.L. 177, *as amended,* added by Sec -

tion 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §810-7, for out-of-pocket expenses incurred for the burial of the mother and for medical, psychological and rehabilitative expenses incurred for treatment of the ward's post-traumatic stress disorder. The Crime Victim's Compensation Board denied the claim on the ground of Section 477.3(b) of the Code, 71 P.S. §180-7.3(b), which provides pertinently that:

A member of the family of the person who allegedly committed the crime shall not be eligible under any circumstances.

The guardian submits that the ward and his father were not members of the same family for purposes of the Code because at the time of the homicide, the parents maintained separate residences and the ward lived with his mother and because the father did not have custody of the ward or contribute to his support. The word family is defined at Section 477, 77 P.S. §180-7, as including "(i) anyone related to [the person who committed the crime] within the third degree of consanguinity or affinity, (ii) anyone maintaining a common-law relationship with such person, or (iii) anyone residing in the same household with such person." The ward is clearly barred by Section 477 because he was related to his father within the first degree.

The guardian nevertheless contends that her ward is eligible under Section 477 because he did not live in the same household as the criminal. But family is defined disjunctively: each of the three elements is disqualifying for purposes of this case.

The language of the statute is clear and unambiguous and we may look no further. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).

Order affirmed.

## ORDER

AND Now, this 10th day of June, 1985, the order of the Pennsylvania Crime Victim's Compensation Board in the above-captioned matter is affirmed.